UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VISHAL SHARMA,<br><br>                      Plaintiff,<br>    v.<br><br>DOCTOR'S ASSOCIATES INC. and<br>SUBWAY REAL ESTATE, LLC,<br><br>                      Defendants. | Case No. 3:18-cv-00238-MMD-CBC<br><br>ORDER |

Defendants Doctor's Associates Inc. ("DAI") and Subway Real Estate, LLC ("SRE") (collectively, "Defendants") request a stay of this case ("Motion") pending a ruling on its efforts to compel arbitration. (ECF No. 4.)

*Pro se* Plaintiff Vishal Sharma ("Sharma") originally filed this case on April 18, 2018, in the Justice Court of Sparks Township in and for Washoe County, State of Nevada. (ECF No. 1 at 1; ECF No. 1-1.) Defendants filed a notice of acceptance of service on May 8, 2018 (ECF No. 1-2 at 2) and a notice of removal on May 22, 2018 (ECF No. 1). About a week before, on May 17, 2018, DAI filed a petition to compel arbitration ("Petition") in the United States District Court for the District of Connecticut ("District of Connecticut"). (ECF No. 4-1.)

In their Motion, Defendants contend that Sharma's filing contravened his arbitration obligation pursuant to an arbitration clause in the franchise agreement between Sharma

///

///

1    and DAI providing for arbitration in Connecticut.[1] (ECF No. 4 at 1-2 (citing 9 U.S.C. § 4); *see also* ECF No. 4-1 at 3 (the Petition documenting the franchise agreement ("FA")).) Therefore, Defendants seek to stay Sharma's lawsuit until the District of Connecticut has ruled on the Petition. (*Id.* at 2.)

Sharma had until June 12, 2018, to file a response to the Motion. (ECF No. 5.) Albeit Sharma filed an "Answer" on June 11, 2018 (ECF No. 8), it is not responsive to the Motion.[2] Defendants subsequently submitted a reply in furtherance of their Motion. (ECF No. 9.)

Thereafter, in late July 2018 Sharma filed a "Reply in further support of plaintiff claims of unjust enrichment . . .." ("Reply").[3] (ECF No. 12.) In his Reply, Sharma appears to argue that there is no agreement to arbitrate because the FA has been terminated. (*Id.* at 3.) The Court will not consider this argument because Defendants have not been provided an opportunity to reply[4] and the District of Connecticut would necessarily consider the applicability of the FA and the arbitration clause therein to render decision on the Petition. Sharma does not indicate that a decision on the Petition has been rendered. (*See generally* ECF No. 12.) Thus, in its discretion, the Court finds it most appropriate to stay this case pending a decision by the District of Connecticut on the Petition.

///

---

[1]DAI is the franchisor of Subway and Sharma was a franchisee at times relevant to this action. (ECF No. 4 at 1; ECF No. 4-1 at 3; ECF No. 1-1 (Sharma's complaint); ECF No. 1-2 at 2 (Cousins Decl.).)

[2]Typically, the Court would grant a motion to stay solely on the basis of an opposing party's failure to file a responsive motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney[s'] fees, constitutes a consent to the granting of the motion.")

[3]The Court would ordinarily not consider this kind of additional filing, even by a *pro se* litigant. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") However, in contrast to the noted "Answer," Sharma's Reply may be deemed responsive to Defendants' Motion. Accordingly, the Court will merge the timely "Answer" and Sharma's Reply as one document for the limited purpose of considering them as a unified response to Defendants' Motion.

[4]Having already submitted a reply (ECF No. 9), it would be reasonable for Defendants to have concluded that they needed not respond to Sharma's ordinarily impermissible Reply.

1 It is therefore ordered that Defendants' Motion to Stay Case (ECF No. 4) is granted. All proceedings and filings are temporarily stayed pending a decision on the Petition. The parties must file a status report with this Court within 15 days from such a decision.

It is further ordered that the Clerk administratively close this case.

DATED THIS 5th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE